# EXHIBIT A

Dockets.Justia.com

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036-4003
Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Scott T. Weingaertner
Direct Dial: (212) 556-2227
Direct Fax: (212)556-2222
sweingaertner@kslaw.com

May 5, 2009

**VIA E-MAIL/CONFIRMATION VIA FIRST CLASS MAIL**

Jeffrey M. Hansen
FREEBORN & PETERS LLP
311 South Wacker Drive
Suite 3000
Chicago, IL
60606-6677

Re: *Intermec Technologies Corp. v. Palm, Inc., 07-272-SLR-LPS*

Dear Jeff:

Thank you for your letter dated April 30, 2009, relating to the subpoena served by Intermec Technologies Corp. on Google in connection with the above-referenced case.

During our call last week, I described the magnitude and nature of the burden that Intermec's subpoena would, in its current form, impose on Google. That burden, as we discussed, would be extreme. On its face it would encompass a discovery effort across many different products, and sectors of Google's organization responsible for those products, and would require technical investigations that would not only be enormously burdensome but also very difficult if not impossible to respond to in short order, and encompassing highly confidential company information. At the same time, the burden Intermec's subpoena would impose does not appear to be justified by any theory of relevance articulated by Intermec to date.

For that reason, and to help us arrive in a timely fashion at a mutually satisfactory approach, we requested what should be very easy for Intermec provide, namely its theory of how the extraordinarily broad and wide-ranging documentation and testimony requested of Google would be relevant to Intermec's case in the above-referenced litigation. We also asked for assurances that Intermec would not seek to join Google as a party to this case.

1055230

Jeffrey M. Hansen
May 5, 2009
Page 2

Google understands and takes seriously its obligations under Rule 45 of the Federal Rules of Civil Procedure. However, our concerns regarding the subpoena's scope remain largely unresolved after our discussion. We set forth below some of our specific concerns and remain open to discussing these issues further.

Our request for Intermec's position on the relevance of the highly burdensome evidence-taking that it seeks included a request for Intermec's:

(1) identification of claims asserted by Intermec in this case;

(2) furnishing of Intermec's position on its construction of the claims, which we understand may have been, or will shortly be, exchanged by Intermec with defendant Palm;

(3) identification of infringement contentions (which we would accept in a fashion redacted to protect any embedded proprietary information).

In addition, we would need an explanation as to why each of the applications Intermec is seeking discovery on is relevant to Intermec's infringement case.

Without at least this requested information, and an identification of how Intermec believes the information it seeks from Google would fit within its theories of infringement by Palm, we are deprived of (i) Intermec's basis for requesting an enormous effort by a third party uninvolved in this litigation, as well as (ii) information that would be helpful to both parties in arriving at an approach best calculated to provide any warranted discovery in a manner that does not impose an undue burden on Google.

Until the requested information is provided, Intermec will not have established the relevance of any of Google's applications to this litigation, much less each of those applications as to which it is seeking third party discovery.

Second, while the document requests in the outstanding subpoena might appear to the uneducated eye to be limited in scope by asking for "documents sufficient to show," the subjects sought to be shown, such as "access" in Request Nos. 1, 2 and 5, and "communicate information" in Request Nos. 3 and 4, are vague and apparently very broad. In view of the complexity of Google's applications, it would be an extreme, and plainly undue, burden for Google to respond to Intermec's requests in their current form, and for all Google applications Intermec has targeted. The additional detail requested in your April 30, 2009 letter may clarify the requests to some extent, but may actually amplify rather than reduce the burden they impose. Moreover, even assuming we limit the scope of the requests to three applications, which Intermec appears to profess an unwillingness to commit to, responding to the requests would still prove to be an overwhelmingly expensive and burdensome task, and likely to implicate a significant number of witnesses.

1055230

Jeffrey M. Hansen
May 5, 2009
Page 3

    As mentioned above, we remain willing to discuss this with you and are mindful of the timetable in this case. Therefore, we ask that Intermec furnish us with the information requested during our call last week, and set forth above, so that we can develop a mutually satisfactory approach.

    Finally, as to the assurance that Intermec would not seek leave from the Court to join Google as a defendant in this case, or seek leave of the Court to do so, Intermec appears to have stopped short of offering a true assurance. The text in your letter seems to refer to a prior intention but does not make clear that Intermec agrees to not join Google in this case in the future. We therefore ask that Intermec clearly agree in writing not to join, or seek leave to join, Google as a defendant in this case. We would also appreciate Intermec's written indication that it does not intend to sue Google on any of the patents in suit in the above-referenced case.

    Please feel free to call me at (212) 556-2227 if you have any questions or concerns.

                                          Very truly yours,

                                          Scott T. Weingaertner

1055230