# EXHIBIT B

Dockets.Justia.com

3/24

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| INTERMEC TECHNOLOGIES CORP., | ) |
| *Plaintiff* | ) |
| v. | ) |
| PALM, INC., | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   07-272-SLR-LPS

(If the action is pending in another district, state where:

District of Delaware

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Google Custodian of Records for Google, Inc., 1600 Amphitheatre Parkway, Mountain View, CA 94043

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Merrill Court Reporters<br>1731 Embarcadero Road, 1st Floor<br>Palo Alto, CA 94303 | Date and Time:<br>April 24, 2009<br>9:00 a.m. |
|---|---|

The deposition will be recorded by this method:  _Court Reporter & Videographer_

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Exhibit A attached hereto.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  ___03/24/2009___

*CLERK OF COURT*

OR

_____          _____
    *Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
_____Intermec Technologies Corp._____ , who issues or requests this subpoena, are:

David S. Becker, Freeborn & Peters LLP, 311 South Wacker Drive, Suite 3000, Chicago, IL 60606

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.   07-272-SLR-LPS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□  I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

□  I left the subpoena at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□  I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

□  I returned the subpoena unexecuted because _____ ; or

□  Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00   .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

## DEFINITIONS

1.     "Intermec" means Plaintiff Intermec Technologies Corp., and includes any and all of its predecessors, predecessors-in-interest, successors, successors-in-interest, subsidiaries, divisions, affiliates, and affiliated entities, as well as their officers, directors, agents, employees, and representatives.

2.     "Palm" means Defendant Palm, Inc., and includes any and all of its predecessors, predecessors-in-interest, successors, successors-in-interest, subsidiaries, divisions, affiliates, and affiliated entities, as well as their officers, directors, agents, employees, and representatives.

3.     "Google" means Google Inc., and includes any and all of its predecessors, predecessors-in-interest, successors, successors-in-interest, subsidiaries, divisions, affiliates, and affiliated entities, as well as their officers, directors, agents, employees, and representatives.

4.     "Palm Products" refers to the Palm® Centro™, Treo™ 680, Treo™ 700p, Treo™ 700w, Treo™ 700wx, Treo™ 750, Treo™ 755p Treo™ 800w and Treo™ Pro smartphones.

5.     "Document(s)" is used in the same manner as that term is defined in Fed. R. Civ. P. 34(a) and shall include, without limitation, electronically stored information ("ESI"), things, project proposals, memos, notes, inventor notebooks, invention disclosures, source code (including comments if any), object code, communications regarding product development, revision histories, flowcharts, drawings, specifications, documents related to testing, status reports or summaries, computer simulations, logic diagrams, and preliminary technical documentation, along with every draft or non-identical copy of the foregoing.

6.    "Electronically Stored Information" or "ESI" is used in the same manner as outlined in the Federal Rules of Civil Procedure and should also be interpreted to include data stored in, or accessible through, computer or other information retrieval systems and includes all non-identical copies of such data.  ESI includes, but is not limited to, electronic spreadsheets, databases with all records and fields and structural information (including Lotus Notes Discussion Databases and other online dialogs), charts, graphs and outlines, arrays of information and all other information used or produced by any software.  Thus, Palm must produce documents that exist in electronic form, including data stored in personal computers, portable computers, workstations, minicomputers, personal data assistants, Blackberry or other similar devices, instant messaging text files, archival voice storage systems, group and collaborative tools, electronic messaging devices, mainframes, servers, backup disks and tapes, archive disks and tapes, portable hard drives, memory cards, zip drives, iPods or other similar devices, cellphones and any other forms of online or offline storage.  Further, unless the parties agree otherwise, ESI responsive to the Requests herein must be made (and if necessary, translated by you) in reasonably useable form and produced.

7.    "Thing" means any physical specimen or tangible item in your possession, custody, or control.

8.    The term "person" means any natural person in any capacity, and all entities of every description, including, by way of example but not limitation, associations, organizations, companies, partnerships, joint ventures, corporations, trusts and estates, and all divisions, departments and other such units thereof.

9.     The terms "concerning," "regarding," "related to," and "relating to" are used in their broadest sense and include all matters referring to, describing, evidencing, or constituting the referenced subject(s).

10.    The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request any information or documents that might otherwise be construed to be outside of its scope.

11.    The use of the singular form of any word includes the plural and vice versa.

12.    The use of any tense of a verb shall be construed to include also within its meaning all of the tenses of that verb.

13.    The terms "any," "all," and "every" mean each and every.

14.    "Google Applications" means any and all software applications offered by Google, including, but not limited to, Google Maps, Google Calendar, Google Docs, Gmail, and Picasa.

## INSTRUCTIONS

1.     To the extent any Document Request seeks documents also covered by any other Document Request(s), it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

2.     These Requests extend to all documents in the possession, custody, and/or control of Google, as well as all documents in the possession, custody, or control of persons or entities under Google's control.

3.     In the event that more than one copy of a document exists, Google should produce the original and each non-identical copy of each document or other tangible thing

3

requested herein that is in Google's possession, custody or control, or the control of its agents, attorneys, accountants, or employees.

4.    Google should comply with the requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

5.    These Requests shall be deemed to be continuing in nature to the fullest extent permitted by law.  If further responsive information comes into the possession or attention of Google or its attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

## DOCUMENT REQUESTS

1.    Documents created and maintained in the ordinary course of business sufficient to show the manner in which Google Applications, such as Google Maps, Google Calendar, Google Docs, Gmail, and Picasa, are accessed by a person using Palm's Blazer browser.

2.    Documents created and maintained in the ordinary course of business sufficient to show the manner in which Google Applications, such as Google Maps, Google Calendar, Google Docs, Gmail, and Picasa, are accessed by a person using Microsoft's Internet Explorer Mobile browser (also known as IE Mobile).

3.    Documents created and maintained in the ordinary course of business sufficient to show the manner in which Google Applications, such as Google Maps, Google Calendar, Google Docs, Gmail, and Picasa, communicate information to Palm Products.

4

4. Documents created and maintained in the ordinary course of business sufficient to show the manner in which Palm Products communicate information to Google Applications, such as Google Maps, Google Calendar, Google Docs, Gmail, and Picasa.

5. Documents created and maintained in the ordinary course of business sufficient to show the manner in which Google Applications, such as Google Maps, Google Calendar, Google Docs, Gmail, and Picasa, store and access data.

## DEPOSITION TOPICS

1. The manner in which Google Applications, such as Google Maps, Google Calendar, Google Docs, Gmail, and Picasa, are accessed by a person using Palm's Blazer browser.

2. The manner in which Google Applications, such as Google Maps, Google Calendar, Google Docs, Gmail, and Picasa, are accessed by a person using Microsoft's Internet Explorer Mobile browser (also known as IE Mobile).

3. The manner in which Google Applications, such as Google Maps, Google Calendar, Google Docs, Gmail, and Picasa, communicate information to Palm Products.

4. The manner in which Palm Products communicate information to Google Applications, such as Google Maps, Google Calendar, Google Docs, Gmail, and Picasa.

5. The manner in which Google Applications, such as Google Maps, Google Calendar, Google Docs, Gmail, and Picasa, store and access data.

5

6