# EXHIBIT C


## CT Corporation

**Service of Process Transmittal**
03/04/2009
CT Log Number 514524028

**TO:** David Drummond
Google Inc.
1600 Amphitheatre Parkway
Mountain View, CA 94043

**RE:** **Process Served in Delaware**

**FOR:** Google Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Intermec Technologies Corp., Pltf. vs. Palm, Inc., Dft. // To: Google Inc. |
| **DOCUMENT(S) SERVED:** | Check, Subpoena, Proof of Service Form, Exhibit |
| **COURT/AGENCY:** | District of Delaware, U.S. District Court, DE<br>Case # 07-272 |
| **NATURE OF ACTION:** | Subpoena - Business records - Pertaining to documents created and maintained in the ordinary course of business sufficient to show the manner in which Google Applications, such as Google Maps, Google Calendar, Google Docs, Gmail, and Picasa, are accessed by a person using Palm's Blazer browser |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/04/2009 at 12:35 |
| **APPEARANCE OR ANSWER DUE:** | March 9, 2009 at 9:00 a.m. - Production / March 16, 2009 at 9:00 a.m. - Deposition |
| **ATTORNEY(S) / SENDER(S):** | David S. Becker<br>Freeborn & Peters LLP<br>311 S. Wacker Drive<br>Suite 3000<br>Chicago, IL 60606<br>312-360-6391 |
| **ACTION ITEMS:** | Telephone, David Drummond, 650-330-0100<br>*left message on voicemail*<br>SOP Papers with Transmittal, via Fed Ex Priority Overnight, 790653579325 |
| **SIGNED:** | The Corporation Trust Company |
| **PER:** | Scott LaScala |
| **ADDRESS:** | 1209 Orange Street<br>Wilmington, DE 19801 |
| **TELEPHONE:** | 302-658-7581 |

Page 1 of 1 / JH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

INTERMEC TECHNOLOGIES CORP.,

    Plaintiff,

        v.

PALM, INC.,

    Defendant.

**SUBPOENA IN A CIVIL CASE**

Civil Action No: 07-272-SLR-LPS
Pending in the United States District Court
for the District of Delaware

TO: Google Inc.
    c/o THE CORPORATION TRUST COMPANY
    CORPORATION TRUST CENTER
    1209 ORANGE STREET
    WILMINGTON, DE 19801

| YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. | |
|---|---|
| PLACE OF TESTIMONY | COURTROOM |
| | DATE AND TIME |

| YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case:  See Exhibit A | |
|---|---|
| PLACE OF DEPOSITION | DATE AND TIME |
| Corbeet & Associates<br>230 N. Market Street<br>Wilmington, DE 19899 | March 16, 2009<br>9:00 a.m. |

| YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Exhibit A | |
|---|---|
| PLACE | DATE AND TIME |
| Corbeet & Associates<br>230 N. Market Street<br>Wilmington, DE 19899 | March 9, 2009<br>9:00 a.m. |

| YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
|---|---|
| PREMISES | DATE AND TIME |
| | |

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Attorney for Plaintiff | March 2, 2009 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | TELEPHONE |
| David S. Becker<br>FREEBORN & PETERS LLP<br>311 S. Wacker Drive, Ste 3000<br>Chicago, IL 60606 | (312) 360-6391 |

| | | |
|---|---|---|
| | PROOF OF SERVICE | |
| | DATE | PLACE |
| SERVED | Date | Place |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on: _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## DEFINITIONS

1. "Intermec" means Plaintiff Intermec Technologies Corp., and includes any and all of its predecessors, predecessors-in-interest, successors, successors-in-interest, subsidiaries, divisions, affiliates, and affiliated entities, as well as their officers, directors, agents, employees, and representatives.

2. "Palm" means Defendant Palm, Inc., and includes any and all of its predecessors, predecessors-in-interest, successors, successors-in-interest, subsidiaries, divisions, affiliates, and affiliated entities, as well as their officers, directors, agents, employees, and representatives.

3. "Google" means Google Inc., and includes any and all of its predecessors, predecessors-in-interest, successors, successors-in-interest, subsidiaries, divisions, affiliates, and affiliated entities, as well as their officers, directors, agents, employees, and representatives.

4. "Palm Products" refers to the Palm® Centro™, Treo™ 680, Treo™ 700p, Treo™ 700w, Treo™ 700wx, Treo™ 750, Treo™ 755p Treo™ 800w and Treo™ Pro smartphones.

5. "Document(s)" is used in the same manner as that term is defined in Fed. R. Civ. P. 34(a) and shall include, without limitation, electronically stored information ("ESI"), things, project proposals, memos, notes, inventor notebooks, invention disclosures, source code (including comments if any), object code, communications regarding product development, revision histories, flowcharts, drawings, specifications, documents related to testing, status reports or summaries, computer simulations, logic diagrams, and preliminary technical documentation, along with every draft or non-identical copy of the foregoing.

6. "Electronically Stored Information" or "ESI" is used in the same manner as outlined in the Federal Rules of Civil Procedure and should also be interpreted to include data stored in, or accessible through, computer or other information retrieval systems and includes all non-identical copies of such data. ESI includes, but is not limited to, electronic spreadsheets, databases with all records and fields and structural information (including Lotus Notes Discussion Databases and other online dialogs), charts, graphs and outlines, arrays of information and all other information used or produced by any software. Thus, Palm must produce documents that exist in electronic form, including data stored in personal computers, portable computers, workstations, minicomputers, personal data assistants, Blackberry or other similar devices, instant messaging text files, archival voice storage systems, group and collaborative tools, electronic messaging devices, mainframes, servers, backup disks and tapes, archive disks and tapes, portable hard drives, memory cards, zip drives, iPods or other similar devices, cellphones and any other forms of online or offline storage. Further, unless the parties agree otherwise, ESI responsive to the Requests herein must be made (and if necessary, translated by you) in reasonably useable form and produced.

7. "Thing" means any physical specimen or tangible item in your possession, custody, or control.

8. The term "person" means any natural person in any capacity, and all entities of every description, including, by way of example but not limitation, associations, organizations, companies, partnerships, joint ventures, corporations, trusts and estates, and all divisions, departments and other such units thereof.

9. The terms "concerning," "regarding," "related to," and "relating to" are used in their broadest sense and include all matters referring to, describing, evidencing, or constituting the referenced subject(s).

10. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request any information or documents that might otherwise be construed to be outside of its scope.

11. The use of the singular form of any word includes the plural and vice versa.

12. The use of any tense of a verb shall be construed to include also within its meaning all of the tenses of that verb.

13. The terms "any," "all," and "every" mean each and every.

14. "Google Applications" means any and all software applications offered by Google, including, but not limited to, Google Maps, Google Calendar, Google Docs, Gmail, and Picasa.

## INSTRUCTIONS

1. To the extent any Document Request seeks documents also covered by any other Document Request(s), it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

2. These Requests extend to all documents in the possession, custody, and/or control of Google, as well as all documents in the possession, custody, or control of persons or entities under Google's control.

3. In the event that more than one copy of a document exists, Google should produce the original and each non-identical copy of each document or other tangible thing

3

requested herein that is in Google's possession, custody or control, or the control of its agents, attorneys, accountants, or employees.

4. Google should comply with the requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

5. These Requests shall be deemed to be continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of Google or its attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

## DOCUMENT REQUESTS

1. Documents created and maintained in the ordinary course of business sufficient to show the manner in which Google Applications, such as Google Maps, Google Calendar, Google Docs, Gmail, and Picasa, are accessed by a person using Palm's Blazer browser.

2. Documents created and maintained in the ordinary course of business sufficient to show the manner in which Google Applications, such as Google Maps, Google Calendar, Google Docs, Gmail, and Picasa, are accessed by a person using Microsoft's Internet Explorer Mobile browser (also known as IE Mobile).

3. Documents created and maintained in the ordinary course of business sufficient to show the manner in which Google Applications, such as Google Maps, Google Calendar, Google Docs, Gmail, and Picasa, communicate information to Palm Products.

4. Documents created and maintained in the ordinary course of business sufficient to show the manner in which Palm Products communicate information to Google Applications, such as Google Maps, Google Calendar, Google Docs, Gmail, and Picasa.

5. Documents created and maintained in the ordinary course of business sufficient to show the manner in which Google Applications, such as Google Maps, Google Calendar, Google Docs, Gmail, and Picasa, store and access data.

## DEPOSITION TOPICS

1. The manner in which Google Applications, such as Google Maps, Google Calendar, Google Docs, Gmail, and Picasa, are accessed by a person using Palm's Blazer browser.

2. The manner in which Google Applications, such as Google Maps, Google Calendar, Google Docs, Gmail, and Picasa, are accessed by a person using Microsoft's Internet Explorer Mobile browser (also known as IE Mobile).

3. The manner in which Google Applications, such as Google Maps, Google Calendar, Google Docs, Gmail, and Picasa, communicate information to Palm Products.

4. The manner in which Palm Products communicate information to Google Applications, such as Google Maps, Google Calendar, Google Docs, Gmail, and Picasa.

5. The manner in which Google Applications, such as Google Maps, Google Calendar, Google Docs, Gmail, and Picasa, store and access data.