# EXHIBIT D

# Freeborn & Peters LLP

*Attorneys at Law*

311 South Wacker Drive
Suite 3000
Chicago, Illinois
60606-6677
Tel 312.360.6000

Jeffrey M. Hansen
Partner
Direct 312.360.6379
Fax 312.360.6594
jhansen@
freebornpeters.com

*Chicago*

*Springfield*

April 30, 2009

**By E-mail and U.S. Mail**

Scott T. Weingaertner
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Re: Intermec Technologies Corp. Subpoena to Google in *Intermec Technologies Corp. v. Palm, Inc., 07-272-SLR-LPS*

Dear Scott:

Thank you for taking the time to speak with us yesterday by phone. As we discussed during the call, while what follows is a fair summation of the areas of information and testimony we are seeking, we are not waiving our right to seek all information permissible by law pursuant to our subpoena:

  A. Information regarding whether Google products/applications use a form of client-server architecture.

  B. The manner in which the client and server make requests for data from each other and how they respectively respond to such a request (for example, if the client application downloads from the server any executable code, including client-side scripting such as Javascript, AJAX, or Jscript, the manner in which the client application uses and executes that scripting code).

    1. The manner in which the client side of a Google product/application searches its own data, if at all, prior to requesting data from the server and examples of when and how this occurs.

  C. The manners in which the client (handheld device/Palm device) and server sides of a Google product use and store data (i.e. flat file, database, etc.).

  D. For mobile versions of Google applications, a list of protocols or scripting languages that are supported.

**Freeborn & Peters LLP**

Scott T. Weingaertner
April 30, 2009
Page 2

      E.      General information regarding the architecture used in Google products/applications (for example, identifying the tiers and the functions each tier performs).

We understand that you will initially focus on GMail, Google Maps, and Google Calendar given the logistical issues you stated exist.

We can also state, per your request, that it has not been Intermec's intention to join Google as a party to this litigation and, per the court's scheduling order, the time for adding parties has lapsed.

If you have any questions regarding any of this, please do not hesitate to contact me at 312-360-6379 or at jhansen@freebornpeters.com. As we mentioned during the call, we are facing a May 18, 2009 discovery deadline and will need to be aware of Google's response sometime in the next few days in order to avoid having to seek relief in the appropriate court. We will also need dates and times for a deposition (or depositions, based upon your statements to us that multiple individuals may be necessary to discuss Intermec's areas of inquiry) as soon as possible.

Sincerely yours,

Jeffrey M. Hansen

JMH/jlg

1817606v1