# EXHIBIT H

Dockets.Justia.com

1

1          IN THE UNITED STATES DISTRICT COURT

2          IN AND FOR THE DISTRICT OF DELAWARE

3                      - - -

4
     INTERMEC TECHNOLOGIES        :    CIVIL ACTION
5    CORP.,                       :
                                  :
6                    Plaintiff,   :
                                  :
7         vs.                     :
                                  :
8    PALM, INC., a Delaware       :
     corporation,                 :
9                                 :
                     Defendant.   :   NO. 07-272-SLR-LPS
10

11                     - - -

12                          Wilmington, Delaware
                            Monday, May 18, 2009
13                          4:04 o'clock, p.m.
                            ***Telephone conference
14

15                     - - -

16   BEFORE:  HONORABLE LEONARD P. STARK, U.S. MAGISTRATE JUDGE

17                     - - -

18   APPEARANCES:

19           MORRIS, NICHOLS, ARSHT & TUNNELL
             BY:  RODGER D. SMITH II, ESQ.
20
                     -and-
21

22

23

24                          Valerie J. Gunning
                            Official Court Reporter
25

```
 1    APPEARANCES (Continued):

 2
                  FREEBORN & PETERS LLP
 3                BY:  CARSON P VEACH, ESQ. and
                       JACOB D. KOERING, ESQ.
 4                     (Chicago, Illinois

 5

 6                     Counsel for Plaintiff

 7

 8
                  POTTER ANDERSON & CORROON LLP
 9                BY:  DAVID E. MOORE, ESQ.

10

11                        -and-

12

13                COVINGTON & BURLING
                  BY:  MICHAEL J. MARKMAN, ESQ.
14                     (San Francisco, California)

15

16
                       Counsel for Defendant
17

18
                          - - -
19

20

21

22

23

24

25
```

3

```
 1                    P R O C E E D I N G S

 2

 3              (REPORTER'S NOTE:  The following telephone

 4      conference was held in chambers, beginning at 4:04 p.m.)

 5

 6              THE COURT:  Good afternoon, counsel.  This is

 7      Judge Stark.

 8              Who is there, please?

 9              MR. SMITH:  Good afternoon, your Honor.  Rodger

10      Smith, from Morris Nichols, on behalf of the of plaintiff,

11      Intermec.  I also have my co-counsel, Carson Veach and Jake

12      Koering from Freeborn & Peters in Chicago with me.

13              THE COURT:  All right.

14              MR. MOORE:  Good afternoon your Honor.  Dave

15      Moore, from Potter Anderson, on of behalf of Palm.  And

16      with me on the line is Michael Markman from Covington &

17      Burling.

18              THE COURT:  All right.  Good afternoon.

19              For the record, this is our case of Intermec

20      Technologies Corporation versus Palm, Inc.  It's Civil

21      Action No. 07-272-SLR-LPS.

22              I have reviewed the parties' joint letter

23      regarding whether to, I suppose, amend the third amended,

24      or amend the second amended scheduling order.  I think I

25      have a good sense of the dispute, but I do want to give both
```

4

1   sides a chance to add briefly anything that they want to add

2   as followup to the letter.

3           Mr. Smith, why don't you or your colleague start

4   us off, please.

5           MR. SMITH:  Thank you, your Honor.

6           Very briefly, as the Court will probably

7   remember, we talked on the phone about two months ago,

8   March 13th, about a two-month adjustment to the schedule

9   here, and in advance of getting on the phone, the parties

10  agreed to that, and both sides had some discovery to be

11  taken.  And I think it's important in this context to

12  remember that.  It was not just the Intermec discovery

13  that was getting done in that two-month period.  It was also

14  some Palm discovery.

15          And Palm, on the record of that hearing,

16  mentioned they had subpoenas to Fed-Ex, hand-held, four

17  prosecuting attorneys and a licensing deposition that

18  were also going to get taken in this two-month period.

19          And interestingly here, it actually was Palm

20  who first asked if they could go beyond -- if we would

21  agree that they could go beyond the May 18th deadline for,

22  in fact, completing fact discovery, and Intermec agreed to

23  that.

24          And on the flip side, Intermec has been working

25  diligently to get its discovery done from these five third

5

1     parties and on subpoenas that were issued in early March.

2             The Sprint and Verizon subpoenas, my

3     understanding is, those are essentially completed, and that

4     just leaves these other three, Microsoft, AT&T and Google,

5     that are not complete as of today, which is the close of

6     fact discovery as it currently stands.

7             I don't want to belabor what was already in our

8     letter, your Honor, but the Microsoft deposition was

9     originally scheduled for May 12th, I think it was, and

10    because of some scheduling issues for Microsoft, had to be

11    pushed back after May 18.

12            Palm originally agreed to that, in part because

13    Intermec had extended them similar accommodation on their

14    deposition of one of the prosecuting attorneys, agreeing

15    that they could take that after May 18 as well.

16            It was only of after it became clear that that

17    discovery from Microsoft wasn't going to get done before

18    the June 1st date for exchange of expert reports that Palm

19    backed off its original agreement, to allow us to go beyond

20    the May 18 date for that discovery.

21            And Microsoft has given us dates, I think, that

22    are going to get this discovery done by early June, but

23    probably not by the June 1st date that currently is in place

24    for completion, or exchange of expert reports.

25            The AT&T depositions, the documents have been

6

1    produced from AT&T, but the depositions, I think the dates

2    offered now are May 21 and 27, so they are not very far of

3    off in terms of getting that done within a reasonable time

4    period here.

5              The last piece of this, and I'm sure your Honor

6    had a chance to look at Judge Alsup's ruling that was

7    attached to the letter, relates to Google.  And it's sort

8    of ironic because Intermec originally issued the Google

9    subpoena out of Delaware.  Google is incorporated here and

10   the subpoena was issued out of Delaware.  As a convenience

11   for Google, we reissued it out of California.

12             We get before Judge Alsup, and he indicated that

13   we should have gotten some sort of indication from the

14   Delaware Court that -- about relating to the relevance of

15   what we were seeking from Google.

16             So it is currently our intention with respect

17   to Google to issue, reissue a subpoena out of Delaware

18   related to Google with a relatively quick return date, in

19   particular because they've had the original subpoena for

20   60 days or more, and should be able to respond relatively

21   quickly.

22             To the extent there needs to be any further

23   motion practice with respect to Google, either motion to

24   quash or motion to compel, that would be properly brought

25   before your Honor, given the relationship to the pending

7

1    case.

2              So it's a long way around to say people have

3    been working very hard to get third-party discovery done,

4    be it they're not parties within our control.  And the basic

5    relief we're before your Honor today seeking is an 11-day,

6    essentially, an 11-day extension of time for expert reports,

7    from June 1st to June 12th, and the opportunity to complete

8    this third-party discovery along the terms I've just laid

9    out.

10             I think a couple things are important, and then

11   I will be quiet.  A couple things are important.

12             A couple things Palm does not say in their

13   papers, they never say that the discovery we're seeking is

14   not relevant and they don't say that they're going to be

15   prejudiced.  So I think the upshot here is basically that

16   Palm is trying to get a tactical advantage by holding us

17   to the date, even though they don't dispute that there is

18   some relevance to this discovery and they can't show any

19   prejudice.

20             Basically, all of this is encouraging these

21   third parties to run out the clock and prevent us from

22   getting relevant discovery.

23             So we'd respectfully ask your Honor to grant

24   our request to extend the expert report date to June 12th

25   and give us permission to complete this discovery.

8

1          THE COURT:  Now, but you want more than just

2     June 12th.  You also want a chance to amend the expert

3     reports if you get third-party discovery subsequent to

4     June 12th.  Is that right?

5          MR. SMITH:  Your Honor, part of our problem

6     is trying to understand how quickly we'll get compliance.

7     Google will be the best example here.  Not knowing how or

8     when Google will comply, it does put us in a little bit of a

9     box.  I mean, we could live, I think, with a June 12th

10    exchange date for expert reports, and I think in the coming

11    days or week, we'll know whether Google will have the Google

12    information in hand in time to meet that date or whether

13    we'd need a further adjustment.  I mean, I've also seen

14    it in other cases, where you have third-party issues hanging

15    out there, that there is a limited leave to supplement

16    your report to account for any additional information

17    gathered through a deposition or two that could either --

18    or in a foreign country or otherwise delayed in coming into

19    the case.

20          THE COURT:  And refresh my recollection on the

21    May 18th date.  You indicated that that had been agreed upon

22    before I got on the call.

23          Did you not reasonably think that you would

24    be done by today, and why shouldn't I hold you to that

25    date?

1          MR. SMITH:  We obviously had every expectation

2     that we would get this done.  Nobody would be happier than

3     Intermec to have this done.  But it's largely due to

4     circumstances beyond our control that it hasn't gotten done.

5          THE COURT:  All right.  Mr. MOORE, or Mr.

6     Markman, if you could --

7          MR. MARKMAN:  Your Honor, this is Mike Markman,

8     for Palm.

9          Why don't I start where Mr. Smith ended.  First

10    of all, we do believe that the discovery that Intermec is

11    trying to take is not relevant and the Google subpoena is

12    the best example of that.

13         There is an order on Google's motion for

14    protective order before Judge Alsup, which your Honor now

15    has, in which Judge Alsup makes clear in no uncertain terms

16    that he is granting Google a protective order.

17         Now, Intermec may want to go and try to reissue

18    a subpoena as to Google from Delaware, but woe beyond to

19    them, if they ever of want to go back in front of Judge

20    Alsup.  I believe that there are some significant issues

21    that Judge Alsup would have with respect to a reissued

22    Google subpoena or even the notion that it is being raised

23    on the call today that would, quite frankly, astonish

24    the Court here in the Northern District of California, and

25    may, in fact, be in violation of Judge Alsup's order.

1          In Judge Alsup's order, he states in no

2    uncertain terms that the discovery Intermec was seeking

3    was likely irrelevant, but that the relevance was beyond the

4    issue as a result of some other findings that he found with

5    respect to the overbreadth the subpoena.

6          Now, Palm has, at every time in this case, done

7    its utmost to be reasonable.  Two months ago, when we were

8    before you the last time on March 13th, we agreed that we

9    could move the discovery cutoff in the case out along with

10    all of the other dates, including service, dates for service

11    of expert reports by two months.  And we also stated in no

12    uncertain terms on the record of that call, in which I think

13    everybody on the phone was a participant, that that would be

14    it.  That would be the last extension of time, precisely

15    because it otherwise would result in prejudice to Palm,

16    because it's time to exchange expert reports and get things

17    moving again.

18          In fact, your Honor, if I remember correctly,

19    needed to go and confer with Judge Robinson's chambers

20    about moving the date again for the claim construction

21    hearing in order to accommodate the change in deadline

22    that Intermec was proposing.

23          Now, during the two-month period that we have

24    done this, Palm has agreed with respect to Intermec's

25    deposition dates and has proceeded diligently to finish up

1   the discovery that Palm wanted to take.

2           The deposition of Federal Express took place and

3   has been completed.  We've decided that it is not necessary

4   to take the depositions of most of the prosecuting attorneys

5   that we thought we might need to depose while reserving

6   all rights to take their depositions if they appear on a

7   trial witness list later on.

8           And here we are at the end of the two-month

9   period of time that everybody had agreed to and everybody

10  knew there would be no extensions from, and they want

11  to take further discovery from Google despite an order

12  that they would likely be in contempt on.  And they want

13  to take further irrelevant discovery from AT&T and from

14  Microsoft.

15          So Palm's position is very simple.  They ought

16  to be held to the May 18th date that everybody agreed on

17  that we thought we would be done with by this stage.

18          And with respect to Mr. Smith's

19  characterizations of Palm backing out of a deal to take

20  depositions after the discovery cutoff, out of professional

21  courtesy, we had agreed that we could shuffle around

22  deposition dates, but never in a million years did we agree

23  that we would change the dates for the exchange of expert

24  reports.  We never expected that they would try to offer

25  deposition dates that would be after the date for the

1    exchange of expert reports.

2           And the reason why we would not have agreed

3    to that is because we need finality in the expert reports

4    because, throughout the case, we've been shooting at a

5    moving target.  And by way of example, Google's name does

6    not appear anywhere in the infringement contentions that

7    Intermec has served.  Neither does AT&T.  Neither does

8    anybody else, except perhaps Microsoft and Sun MicroSystems,

9    which they chose not to depose.

10          So Palm's position is simply that we have

11   bargained in very good faith here, we've tried to be

12   extremely reasonable about these deposition dates, and at

13   this stage, discovery should be done.  And I think the

14   Google subpoena is the best example of that.  To continue

15   litigating against Google by Intermec does not serve any

16   useful purpose and likely would result in a contempt finding

17   back here in California.

18          THE COURT:  All right.  Let's say that I agree,

19   Mr. Markman, that your client has acted in good faith and

20   maybe May 18th was going to be the cutoff.

21          Articulate to me why I shouldn't just give

22   Intermec, nonetheless, an extra week to two weeks for

23   discovery and for the initial expert report.  You know,

24   basically take the time out of the month you have all given

25   yourselves to do a rebuttal expert report and keep

1    everything on track, because I do agree, I don't intend to

2    move any of the later dates, and I don't think Judge

3    Robinson intends that either.

4              See why not give an them an extra 10 to 14 days

5    out of the expert period and then be done with it?

6              MR. MARKMAN:  The problem, your Honor, with

7    that is that it jams Palm far more than -- and would

8    prejudice Palm far more than it would prejudice Intermec.

9              We are defending against allegations of

10   infringement as to five very complicated patents, and our

11   rebuttal report is going to have to address the

12   noninfringement -- well, the infringement arguments that

13   are set out in Intermec's opening expert report.

14             Now, Intermec's opening expert report apparently

15   is going to be based on some of this new discovery, none of

16   which is even referenced at all in their infringement

17   contentions.

18             So we are not going to have a good idea of

19   what there is to shoot at, if you will, until we see the

20   opening expert report.  And at that point, if the time is

21   taken out of rebuttal expert report time, we're going to

22   be left scrambling while Intermec is basically allowed to

23   get discovery, to keep the target moving, and to really jam

24   us despite the fact that we bargained in good faith here.

25             THE COURT:  All right.  And did I understand

1   correctly, you are done with your depositions at this

2   point?

3           MR. MARKMAN:  We are.  There's a single

4   prosecuting attorney deposition that Palm had continued to

5   want to take that does not impact any of the expert report

6   deadlines and that Intermec at least initially had agreed

7   we could take after May 18th, but if we need to forego that

8   deposition, then so be it.  We believe that's outside of the

9   scope of what we had agreed to here because the testimony

10  from that witness will not impact anything in any of the

11  expert reports.  It purely relates to inequitable conduct

12  allegations in the case.

13          THE COURT:  All right.

14          MR. SMITH:  Your Honor, may I be heard on a

15  couple of points?

16          THE COURT:  Yes.  Go ahead.

17          MR. SMITH:  Regardless of whether Mr. Markman

18  at this point is willing to give up that deposition of the

19  prosecuting attorney, those were, in fact -- some of the

20  depositions, the prosecuting attorney depositions, were

21  some of the ones that Palm was given the right to take

22  within the additional two-month period that we last talked

23  about at the conference on March 13th.

24          So he may give it up now, but, again, that was

25  something he did not get done in the time, and, frankly,

15

1    it's not surprising that some of these third-party issues

2    take some time.  It happens in virtually every case.

3              In terms of the surprise, or the lack of

4    understanding of what the infringement contexts are, I

5    mean, this is all discovery that Intermec initially sought

6    from Palm and its 30(b)(6) witnesses, as you might remember.

7    And the claims of the patents here relate not just to

8    the device that Palm sells, the hand-held phone, but it

9    relates -- they relate to how that phone exists and

10   interacts with Internet programs and cell phone systems.

11             So the idea that Palm, there might be some

12   relevance to how Palm's products work within larger

13   systems, it shouldn't be a surprise to them, and they

14   should be able to understand pretty easily how that would

15   be relevant here.

16             In terms of the timing, I know your Honor

17   suggested taking the time out of the initial expert reports.

18   There's actually a fair amount of time before any summary

19   judgment or claim construction briefing is due.  I think

20   that process starts the end of August, August 28th, so it's

21   roughly three months from now for the parties to get two

22   rounds of expert reports exchanged and do some expert

23   discovery.

24             So whether you take all of the week or two

25   weeks from opening reports, or whether you then just have

1    that slide out by a comparable amounts of time and maybe

2    take it out of the deposition period, whatever, there's

3    certainly enough time here to alleviate whatever prejudice

4    Mr. Markman claims with respect to having to respond to our

5    experts.

6              MR. MARKMAN:  Your Honor, may I make one final

7    point for Palm?

8              THE COURT:  Yes.  Go ahead.

9              MR. MARKMAN:  The only other thing that I would

10   add to this discussion is, it would have been very easy

11   if, as Mr. Smith is saying, it should have been clear that

12   the Palm products are being accused as a component of a

13   larger system.  It would have been very easy for them to

14   serve subpoenas on these third parties many, many months

15   before they did.  They chose to do it right before the

16   close of fact discovery the last time, and in order to

17   accommodate them and be reasonable, and as a result of

18   information that we learned in depositions at the end of

19   the last fact discovery cutoff, we agreed to give them

20   another two months.

21             But the point is, Intermec, if it really is

22   as straightforward as Mr. Smith makes it sound, could have

23   served these subpoenas months and months ago, and they

24   should have, and we should not be talking about modifying

25   a case schedule that has impacts on third-party experts,

1   on attorney preparation and on the Court at this late

2   date.

3              THE COURT:  All right.  Thank you, counsel.

4              What you have said has been helpful and the

5   letter was direct and to the point as well, and I appreciate

6   that.

7              I have to say, I am surprised a bit that we

8   are here where we are.  We are not talking about a large

9   time difference in terms of the relief that's sought.

10  On the other hand, I understand the frustration that Palm

11  feels that we are even here at all and that this third-party

12  discovery is not done yet.  It certainly seems that it

13  was anticipated when we last met by the parties, and I

14  think by the Court as well, that this would all be done by

15  now, and I understand you are close, but you are not quite

16  there.

17             So I'm faced with a situation where there is

18  some -- there's a little bit of time, not much, there is a

19  little bit of time left in the discovery schedule, in the

20  scheduling order, such that I could and am going to move

21  some dates around just a little bit.  But I do also want

22  to say that, obviously, it would have been better if all

23  of this had been wrapped up.  If the third-party fact

24  discovery efforts had started a little sooner, then maybe we

25  wouldn't be in this situation.

1          What I am going to do considering all the

2   factors, the potential relevance as well as the potential

3   burden, is, I am going to extend the fact discovery cutoff

4   to May 29th.  I am going to make opening expert reports due

5   on June 5th.

6          So I recognize that's going to be a very

7   short turnaround time for the opening expert reports, but

8   that is a result of how long it has taken to get this

9   third-party discovery.  And I'm going to retain the

10  one-month period for rebuttal expert reports and move that

11  date to July 6th.  And I'm going to keep all the other dates

12  where they are.

13         So expert discovery to be commenced in time to

14  be completed by July 27th.

15         My hope and my thought, based on the

16  representations that have been made, is that the extra

17  almost two weeks or 11 days, I guess, of fact discovery

18  will give Intermec time to complete the discovery from

19  AT&T.

20         My hope, if you wish, is that you will get the

21  Microsoft discovery due by then.  If I understood correctly,

22  it could have been done by now, or soon after now, but for

23  some concern about expenses and traveling.

24         It seems to me if this discovery is important

25  enough, you will get it done by the May 29th date.

1            And with respect to Google, I don't have a live

2    dispute in front of me.  If Intermec chooses to subpoena

3    Google again, I think it's likely that will end up in some

4    type of litigation, given what Judge Alsup has to say.  But

5    I will rule on that if and when it comes before me.  And at

6    this point, no one is directly asking, and I am not

7    providing any opportunity to supplement expert reports.

8            So, again, we are going to change just a few

9    dates.  We are going to have fact discovery cutoff of

10   May 29th.  We are going to have expert reports, the initial

11   expert reports, due by June 5th, and the rebuttal expert

12   reports due by July 6th.

13           We will get an order out with these new dates.

14           I don't want reargument, but anything that I've

15   not been clear about, Mr. Smith?

16           MR. SMITH:  No, your Honor.

17           THE COURT:  And Mr. Markman?

18           MR. MARKMAN:  No, your Honor.  Thank you.

19           THE COURT:  All right.  Thank you, counsel.

20   Bye.

21           (Telephone conference concluded at 4:22 p.m.)

22                           -  -  -

23

24

25