# EXHIBIT J

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERMEC TECHNOLOGIES CORP., <br> a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> PALM, INC., <br> a Delaware corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 07-272-SLR <br> ) <br> ) <br> ) <br> ) <br> ) |

## SCHEDULING ORDER

At Wilmington this _16th_ day of _August_ 2007, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange on or before **September 10, 2007**, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.1.

2. **Discovery.**

   (a) Discovery will be needed on the following subjects: infringement, validity, willfulness, damages, and injunctive relief.

   (b) All fact discovery shall be commenced in time to be completed by **July 1, 2008**.

   (1) Document production shall be completed on or before **March 4, 2008**.

(2) Maximum of **50** interrogatories by each party to any other party.

(3) In responding to contention interrogatories relating to infringement or invalidity of Intermec's or Palm's patents in suit, each party shall identify the asserted claims of its patents on **January 11, 2008**. Each party shall disclose its infringement contentions with respect to its asserted patent claims on **February 8, 2008**. Each party shall disclose its invalidity and non-infringement contentions with respect to the opposing party's asserted patents on **March 7, 2008**. Each party shall disclose its contentions concerning the validity of its own asserted patents on **April 4, 2008**. The adequacy of all such interrogatory responses shall be judged by the level of detail each party provides, i.e., the more detail a party provides, the more detail a party shall receive.

Contention interrogatories other than those related to infringement or invalidity of the patents in suit shall be initially answered by the party that bears the burden of proof on the date established for the completion of document production, with responsive answers from the party that does not bear the burden of proof due within thirty (30) days thereafter. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides, i.e., the more detail a party provides, the more detail a party shall receive.

Supplementation of all responses to contention interrogatories shall be governed by paragraph 2(e) of this Order.

(4) Maximum of **100** requests for admission by each party to any other party, excluding requests for admission regarding authentication of documents.

(5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6) Maximum of **150 hours** of fact depositions by plaintiff and **150 hours** by defendant. Each fact deposition shall be limited to a maximum of **7 hours** unless extended by agreement of the parties or court order.

(c) Expert discovery shall be commenced in time to be completed by **October 24, 2008**.

(1) Expert reports on issues for which the parties have the burden of proof are due **August 7, 2008**. Rebuttal expert reports are due **September 4, 2008**.

(2) Expert depositions to be limited to a maximum of **7 hours** unless extended by agreement of the parties.

(3) All Daubert motions shall be filed on or before **November 14, 2008**.

(d) If willfulness has been asserted and absent agreement among the parties, the party accused of patent infringement must inform the other party as to whether it intends to rely on advice of counsel by **April 16, 2008**. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by accused party to its counsel and whatever other materials related to the issues in dispute that the accused party had in its possession at the time the advice was sought.

(e) Supplementations under Rule 26(e) must be made **no later than forty-five (45) days prior to the end of fact discovery**. The parties shall not be relieved of

their duty or denied the opportunity to otherwise supplement their disclosures as may be required or permitted by Fed. R. Civ. P. 26(e).

    (f) **Discovery Disputes.**

    (1) The court shall conduct an in-person discovery status conference on **February 13, 2008, at 4:30 PM**, the time to be allocated equally among the parties. **No motions to compel or motions for protective order shall be filed absent approval of the court.**

    (2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

    (3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

    (g) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before **April 3, 2008**. The parties have reached a stipulation pursuant to which: (a) Palm will be filing – on or before **August 10, 2007** – a Second Amended Answer and Counterclaim, adding up to three additional patents to the case; (b) Intermec need not file a reply or otherwise respond to Palm's First Amended Answer and Counterclaim; and (c) Intermec shall file its reply or otherwise respond to Palm's Second Amended Answer and Counterclaim within **thirty (30) days** after Palm files its Second Amended Answer and Counterclaim.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange preliminary lists of those claim terms that they believe need construction and their preliminary proposed claim construction of those terms on **April 30, 2008**. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

The parties shall supplement their lists of the claim terms that they believe need construction and their proposed claim construction of those terms – and serve supplemental versions of all previously-served expert reports that are affected by any such supplemental claim constructions – by **September 18, 2008**.

6. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before **November 14, 2008,** responsive summary judgment briefs on or before **December 5, 2008**, and reply summary judgment briefs on or

before **December 12, 2008.** No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

   7.  **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

   The parties shall agree upon and file the Joint Claim Construction Statement on **November 4, 2008**, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on **November 14, 2008.** Simultaneous answering claim construction briefs will be filed on **December 12, 2008.** Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on claim construction and motion(s) for summary judgment will be heard on **February 6, 2009, at 9:30 AM.**

   7.  **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. The court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the court.

   (a)  Any non-dispositive motion should contain the statement required by D. Del LR 7.1.1.

   (b)  No telephone calls shall be made to chambers.

   (c)  Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement

describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

8.  **Motions in Limine.** No motions in limine shall be filed; instead the parties shall identify their evidentiary issues in the pretrial order and be prepared to address them at the pretrial conference and during trial (before and after the trial day).

9.  **Pretrial Conference.** A pretrial conference will be held on **March 30, 2009** at ~~9:30 AM~~ 4:30 PM in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

10. **Trial.** This matter is scheduled for a **three-week** jury trial commencing on **April 13, 2009**, in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
UNITED STATES DISTRICT JUDGE

7