IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

INTERMEC TECHNOLOGIES CORP., a Delaware corporation,

    Plaintiff,

  v.

PALM, INC., a Delaware corporation,

    Defendant.

                                   /

No. C 09-80098 MISC WHA

No. C 09-80097 MISC WHA

**AWARD OF ATTORNEY'S FEES**

Due to gross overreaching and overbreadth, a previous order quashed a non-party subpoena served on Google, Inc., arising out of patent litigation between other parties in Delaware. An order to show cause was also issued as to why the party responsible for overreaching should not have to pay the reasonable fees and expenses Google incurred in connection with the subpoena and resulting motion practice. Having read the submissions, the Court now finds that Intermec Technologies Corp. had no substantial justification for seeking such a bone-crushing and overbroad subpoena on a non-party in the first place.

While it seems true that some efforts were made to negotiate away some of the burden, the fact remains that the grossly overbroad and burdensome subpoena of the type at issue should never have been used as the starting point for negotiation. It was abusive. Taking into account the mitigation efforts made thereafter, the Court will now require Intermec to pay Google $30,000 for its wasted time and effort. There is no doubt that the real amount is much greater. The reduction is for the purpose of giving Intermec some credit for its mitigation efforts. If

Intermec insists, the Court will make Google document at least $30,000 in time and expenses. But if it does so insist, then the Court will re-open the dollar amount and be open to a higher as well as a lower amount. By **JUNE 9 AT NOON**, Intermec must file a submission stating whether it will acquiesce in the $30,000 while still reserving its appeal rights as to Google's entitlement to any award at all. Google is not hereby given any opportunity to ask for more, the Court having in mind an appropriate credit for the mitigation efforts involved and being familiar with the reasonable degree of effort needed to have mounted its defense (unless Intermec wishes to litigate the dollar amount further). The Court is also mindful of the need to avoid satellite litigation over attorney's fees.

**IT IS SO ORDERED.**

Dated: June 2, 2009

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE